United States District Court
Southern District of Texas

**ENTERED**
April 16, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| PHILLIP MOTYKA, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. 2:26-CV-00112 |
| v. | § | |
| | § | |
| WARDEN FCI THREE RIVERS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Phillip Motyka, proceeding *pro se*, has filed a petition pursuant to 28 U.S.C. § 2241.  (Doc. No. 1.)  For the reasons discussed below, the undersigned recommends that the district court DISMISS Petitioner's action without prejudice.  The district court should DENY as moot Petitioner's motions for preliminary injunction and appointment of counsel (Doc. Nos. 8, 11.)

### A.  Jurisdiction.

This Court generally has jurisdiction over this habeas action pursuant to 28 U.S.C. §§ 1331 and 2241.  A habeas action may be filed either in the district in which the petitioner is in custody or in the district in which the petitioner was convicted and sentenced.  28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).  In this case, Petitioner is custody at Federal Correctional Institution (FCI) Three Rivers in Three Rivers, Texas.  Three Rivers is located in Live Oak County, in the Corpus Christi Division of the Southern District of Texas. *See* 28 U.S.C. § 124(b)(6).  Thus, this matter is properly before this Court.

### B. *Procedural history and summary of Petitioner's filing.*

Petitioner is incarcerated at FCI Three Rivers, and is slated for release on March 15, 2031.[1]  Petitioner filed this action under 28 U.S.C. § 2241.  (Doc. No. 1.)  In it, he "challengd[es] unconstitutional conditions of confinement, specifically the denial of necessary medical care" in the form of Suboxone, which he claims he needs for opioid addiction.  *Id.* at 1, 2.  In addition to his petition, Petitioner has submitted what he terms an "emergency cover letter" (Doc. No. 1-1) and a "personal letter to the judge," both seeking prompt attention to his action.  (Doc. Nos. 1-1, 7.)  He has also submitted a declaration under penalty of perjury (Doc. No. 9), a memorandum of law (Doc. No. 5), and a document containing supplemental legal authority (Doc. No. 10).

Petitioner alleges that he has suffered from opioid addiction for 42 years, that he was enrolled in a Bureau of Prisons program called "Medication-Assisted Treatment (MAT),"[2] and that he was prescribed 24 milligrams of Suboxone daily.[3]  (Doc. No. 1, p. 2; Doc. No. 9, p. 1.)  On or about December 31, 2025, Petitioner says, he "was removed from MAT based on an allegation of diversion."  (Doc. No. 1, p. 2; *see also* Doc. No. 9, p. 1.)  Petitioner claims that no incident report was issued, that no contraband or medicine was found on his person or in his assigned area, that he was not provided with any evidence or given a chance to respond, and that there was no clinical evaluation that justified the discontinuation of the Suboxone treatment.  *Id.*

---

[1]  U.S. Dep't of Justice, Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc, search by name "Phillip Motyka" (last visited Apr. 15, 2026).

[2]  The Court takes judicial notice that MAT, as applied in the Bureau of Prisons, involves "the use of medication in combination with counseling and/or behavioral therapy."  *See* Federal Bureau of Prisons, Opioid Use Disorder Guidance, p. 5 (Dec. 9, 2024), https://www.bop.gov/resources/pdfs/combined_oud_modules_352025.pdf (last visited Apr. 16, 2026); *see also* U.S. Dep't of Justice, First Step Act Annual Report (June 2024), pp. 36-37, https://www.bop.gov/inmates/fsa/docs/first-step-act-annual-report-june-2024.pdf (last visited Apr. 16, 2026).

[3]  Suboxone, a proprietary name, is a combination of buprenorphine and naloxone.  *See* U.S. Food & Drug Admin., Prescribing Information, Suboxone, https://www.accessdata.fda.gov/spl/data/ad5a289a-6285-4b2d-b7ad-e4812169dd58/ad5a289a-6285-4b2d-b7ad-e4812169dd58.xml (last visited Apr. 16, 2026).

Since the time of his removal from MAT, Petitioner alleges, he has experienced severe withdrawal symptoms, psychological distress, and "extreme cravings." (Doc. No. 1, p. 3; *see* Doc. No. 9, p. 1.) He claims that he is at "substantial risk of relapse and fatal overdose without treatment." (Doc. No. 1, p. 3.)

In his habeas petition, Petitioner asserts three claims for relief:

- An Eighth Amendment violation for deliberate indifference to serious medical needs, for discontinuing his participation in MAT without medical justification;

- A due process violation, because the discontinuation of Petitioner's Suboxone treatment in MAT allegedly amounted to a disciplinary sanction; and

- A claim that Respondent (the FCI Three Rivers Warden) failed to comply with a Bureau of Prisons program statement that allegedly requires decisions regarding MAT to be made based on clinical judgment and documented evidence.

(Doc. No. 1, pp. 3, 4.) Petitioner states that he "has initiated the Bureau of Prisons administrative remedy process," but that because of the "urgent and life-threatening nature of this situation, exhaustion should be excused." *Id.* at 4.

Petitioner seeks only injunctive relief. He requests the "immediate reinstatement of MAT suboxone" and an "immediate medical evaluation by qualified personnel." (Doc. No. 1, p. 4.)

Petitioner also moves for the appointment of counsel (Doc. No. 8) and for a temporary restraining order directing the immediate restoration of his "medically necessary treatment for opioid use disorder." (Doc. No. 11, p. 1.)

### C. Law, analysis, and recommendation.

"Habeas corpus relief is not available to prisoners complaining only of mistreatment during their legal incarceration." *Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979). An

allegation challenging the fact or duration of confinement is properly brought in a habeas action, but one challenging conditions of confinement is properly brought in a civil rights action. *See Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007) (citing *Spina v. Aaron*, 821 F.2d 1126, 1127-28 (5th Cir. 1987)). The Fifth Circuit has adopted a bright-line rule: "if a favorable determination of the prisoner's claim would not automatically entitle him to accelerated release, then the proper vehicle is a civil rights suit." *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020). In the case of a federal prisoner like Petitioner, such a suit would be in the form of a *Bivens* action. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

Petitioner's allegations do not challenge the fact or duration of his confinement. He seeks only the restoration of Suboxone treatment through the MAT program. Rather than challenging how prison officials are carrying out or putting into effect his federal sentence, Petitioner is challenging how prison officials are treating his alleged opioid use disorder. *Cf. Paige v. Jamison*, No. 1:22-cv-00717, 2022 WL 2292004, at *3 (M.D. Pa. June 24, 2022) (dismissing § 2241 action challenging removal from MAT program).[4] Even if Petitioner were to prevail, he would not be entitled to accelerated release. Therefore, his claims are not cognizable in a habeas action but instead should have been raised in a *Bivens* action. The district court should therefore dismiss Petitioner's § 2241 action without prejudice for lack of jurisdiction.

Petitioner's characterization of the discontinuation of MAT as a disciplinary action (Doc. No. 1, p. 3) and that he was deprived of due process does not change this result. Prisoners have

---

[4] Other courts have also found that claims related to MAT programs are not cognizable in habeas. *E.g. Conrad v. Gabby*, No. 5:24cv237, 2025 WL 980066, at *1-*2 (N.D. Fla. Mar. 5, 2025), *adopted*, 2025 WL 976282 (N.D. Fla. Apr. 1, 2025) (dismissing § 2241 claim for MAT-related Eighth Amendment allegation of inadequate medical care); *Tyler v. Napier*, Civ. No. 4:26-119, 2026 WL 543899 (D.S.C. Jan. 21, 2026), *adopted*, 2026 WL 542343 (D.S.C. Feb. 26, 2026) (dismissing § 2241 claim requesting placement into MAT program).

no constitutional right to participate in rehabilitative programs. *See Gwiazda v. Newman*, No. 25-cv-553, 2026 WL 782088, at *2 (W.D. Wis. Mar. 19, 2026) (citing *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) and *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996)). Thus, Petitioner would not have been entitled to due process protection from his removal from the MAT program.

Petitioner's claim (Doc. No. 1, p. 4) that the Bureau of Prisons has failed to follow its internal program statement regarding standards of patient care when it discontinued his Suboxone treatment is also not cognizable under § 2241. Internal agency program statements are not substantive law: the failure of prison officials to follow agency policy is not itself a constitutional violation or violation of substantive law, and does not itself rise to the level of a constitutional violation. *See Thomas v. Lumpkin*, No. 2:22-cv-00250, 2023 WL 8007129, at *9 (S.D. Tex. Oct. 10, 2023), *adopted*, 2023 WL 8007997 (S.D. Tex. Nov. 17, 2023) (citing *Williams v. Director, TDCJ-CID*, No. 5:16-CV-95, 2017 WL 1337631, at *1 (E.D. Tex. Apr. 12, 2017) (in turn citing *McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012)); *see also Diaz v. Fikes*, No. 2:22-cv-51, 2023 WL 2254661, at *4 (S.D. Ga. Feb. 2, 2023), *adopted*, 2023 WL 2244700 (S.D. Ga. Feb. 27, 2023) (citing *Jones v. Corizon*, No. 2:12-cv-786, 2015 WL 5013954, at *18 (M.D. Ala. Aug. 18, 2015) (a claim of circumvention of departmental rules, regulations, or policies does not assert a violation of an inmate's constitutional rights).

The undersigned declines to construe Petitioner's action as a *Bivens* action *sua sponte*. Petitioner would be required to pay the filing fee for such an action, and the decision whether to take on that cost should rest with Petitioner himself. *See* 28 U.S.C. § 1915(b); *cf. Dalluge v. United States*, No. 25-CV-4215, 2025 WL 4647903, at *2 (D. Minn. Dec. 10, 2025), *adopted*,

2026 WL 381313 (D. Minn. Feb. 11, 2026) (declining to recharacterize action in part because filing fee decision should be made by prisoner).

Additionally, Petitioner states specifically that he has not exhausted his administrative remedies within the Bureau of Prisons. *See* Doc. No. 1, p. 4 (Petitioner states that he has initiated the process but requests excusal "due to the urgent and life-threatening nature of this situation"). Exhaustion of administrative remedies is a prerequisite for a prisoner's *Bivens* suit, and the United States Court of Appeals for the Fifth Circuit takes a "strict approach" to the exhaustion requirement. *See* 42 U.S.C. § 1997e(a); *Huskey v. Jones*, 45 F.4th 827, 831 (5th Cir. 2022) (cleaned up). There is no emergency exception to the exhaustion requirement, and district courts "have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012); *see also Hall v. Britt*, No. 5:22cv112, 2025 WL 3893957, at *3 (E.D. Tex. Aug. 13, 2025) (citing *Valentine v. Collier*, 978 F.3d 154, 161 (5th Cir. 2020) ("emergencies are not license to carve out new exceptions to the [Prison Litigation Reform Act's] exhaustion requirement, an area where our authority is constrained").[5] Thus, Petitioner's action would be subject to summary dismissal at the screening stage if construed as a *Bivens* action at this time. *Cf. Moore v. Johnson*, No. 1:22-CV-05672, 2024 WL 1341044, at *2 (W.D. La. Mar. 8, 2024), *adopted*, 2024 WL 1340346 (W.D. La. Mar. 28, 2024) (citing *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (court may dismiss complaint for failure to exhaust if "the complaint itself makes clear that the prisoner failed to exhaust")).

---

[5] An alleged failure by the Bureau of Prisons to follow its internal program statement on patient care has also been held not to excuse the exhaustion requirement. *See Obey v. Colley*, No. 1:22-CV-194, 2023 WL 6282907, at *2 (W.D. Pa. Sept. 27, 2023).

6 / 7

The district should therefore DISMISS Petitioner's § 2241 habeas action without prejudice for lack of jurisdiction. The district court should DENY as moot Petitioner's motions for a temporary restraining order and for appointment of counsel (Doc. Nos. 8, 11.)

**D. Notice.**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas. A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on April 16, 2026.

MITCHEL NEUROCK
United States Magistrate Judge